UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | * | |
| SURETY COMPANY | * | |
| OF AMERICA | * | Civil Action No.: __________ |
| | * | |
| | * | Judge: ____________________ |
| | * | |
| v. | * | Magistrate: ________________ |
| | * | |
| GARDA CL SOUTHEAST, INC. | * | |

**COMPLAINT**

Travelers Casualty and Surety Company of America represents:

**Parties**

I.

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Connecticut. For purposes of diversity jurisdiction, Travelers is a citizen of Connecticut.

II.

Garda CL Southeast, Inc. ("Garda") is a corporation organized under the laws of the state of Georgia with its principal place of business in Florida. For purposes of diversity jurisdiction, Garda is a citizen of both Florida and Georgia.

**Jurisdiction & Venue**

III.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy is greater than $75,000, exclusive of interest and costs, as will be shown below.

IV.

Venue is properly placed in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in and Garda resided in the Middle District for the State of Louisiana.

**Factual Background**

V.

Travelers is an insurance company which, among other business, issues financial institution bonds to select financial institutions.

VI.

Travelers issued a bond, Bond No. 039-LB-105877115, in favor of Plaquemine Bancshares Corporation, which Bond included coverage for loss of Property while being transported in an armored motor vehicle (the "Bond").

VII.

Plaquemine Bank and Trust (referred collectively with Plaquemine Bancshares Corporation as "Plaquemine Bank"), as a subsidiary of Plaquemine Bancshares Corporation, was also insured under the Bond.

VIII.

Plaquemine Bank entered into an Armored Car Service Agreement with Garda on or about March 1, 2013.[1]

IX.

Garda agreed pursuant to the Armored Car Service Agreement to call for shipments of property, receive it, and deliver it to locations designated by Plaquemine Bank.

X.

Under the Armored Car Service Agreement, Garda agreed that it "will be liable for loss of or damage to [Plaquemine Bank] Property . . . for each Shipment . . . ."

XI.

Plaquemine Bank entered into an ATM Service Agreement with Garda on or about March 1, 2013.[2]

XII.

Garda agreed pursuant to the ATM Service Agreement to service automatic teller machines belonging to Plaquemine Bank by replenishing their supply of currency as needed.

---

[1] A copy of the Armored Car Service Agreement is attached to this Complaint as Exhibit "A."

[2] A copy of the ATM Service Agreement is attached to this Complaint as Exhibit "B."

XIII.

Under the ATM Service Agreement, Garda agreed "to assume liability for any loss, theft or damage to [Plaquemine Bank] ATM cash . . . from the time of actual receipt by [Garda] until such time as it is delivered to [Plaquemine Bank] or installed in [Plaquemine Bank]'s designated ATM."

XIV.

On or about March 9, 2015, Plaquemine Bank placed an order with the Federal Reserve Bank of New Orleans for Garda to deliver to Plaquemine Bank U.S. currency in the amount of $170,000.00 ("the Cash").

XV.

On or about March 10, 2015, the Federal Reserve Bank of New Orleans received Plaquemine Bank's order and packaged and delivered the Cash to Garda's agent.

XVI.

The Federal Reserve Bank debited Plaquemine Bank's account to the extent of $170,000.00.

XVII.

Garda's agent signed a Currency Endpoint Manifest that evidenced receipt of the Cash.

XVIII.

Garda neither delivered the Cash to Plaquemine Bank nor used the Cash to service Plaquemine Bank's designated ATM machines.

XIX.

Despite Plaquemine Bank's demands, Garda has failed to pay to Plaquemine Parish its loss of $170,000.00.

XX.

On or about May 29, 2015, Plaquemine Bank provided Travelers a sworn Proof of Loss seeking coverage under the Bond for its loss resulting from Garda's failure to deliver the Cash.

XXI.

Travelers investigated Plaquemine Bank's claim and, on or about July 31, 2015, Travelers and Plaquemine Bank executed a Release and Assignment ("Assignment"). Under the terms of the Assignment, Travelers agreed to pay to Plaquemine Bank its loss minus the applicable deductible. Plaquemine Bank agreed to transfer, assign, and set over to Travelers all the claims, rights, demands and causes of action against all persons, firms or corporations whomsoever arising out of or in any way connected with the loss that was the subject of Plaquemine Bank's Proof of Loss described above.

**Count One – Breach of Contract**

XXII.

Travelers incorporates and re-avers Paragraphs I to XXI of its Complaint.

XXIII.

In committing the acts and omissions described above, Garda failed to perform, in good faith, its obligations set out in the Armored Car Service Agreement and ATM Service Agreement.

XXIV.

Plaquemine Bank performed all of its obligations under the Armored Car Service Agreement and ATM Service Agreement.

XXV.

Garda is liable for the loss incurred by Plaquemine Bank caused by Garda's breach of the Armored Car Service Agreement and ATM Service Agreement.

XXVI.

Travelers, by virtue of the Assignment and as a matter of legal subrogation, is entitled to recover the loss incurred by Plaquemine Bank caused by Garda's breach of contracts.

**Count Two - Negligent Performance of Duties Under Armored Car Service Agreement and ATM Service Agreement**

XXVII.

Travelers incorporates and re-avers Paragraphs I to XXVI of its Complaint.

XXVIII.

Garda had a duty to perform its duties under the Armored Car Service Agreement and ATM Service Agreement in conformance with industry standards and best practices.

XXIX.

Garda was negligent in the performance of its duties under the Armored Car Service Agreement and ATM Service Agreement by failing to deliver the Cash to Plaquemine Bank.

XXX.

Garda's negligence in the performance of duties under the Armored Car Service Agreement and ATM Service Agreement was the actual and proximate cause of damages incurred by Plaquemine Bank.

XXXI.

Garda's negligence in the performance of its duties under the Armored Car Service Agreement and ATM Service Agreement was the actual and proximate cause of Plaquemine Bank's loss that was the subject of its claim submitted to, and paid by, Travelers.

XXXII.

Travelers, by virtue of the Assignment and as a matter of legal subrogation, is entitled to recover the losses caused to Plaquemine Bank as a result of Garda's negligent performance of its duties under the Armored Car Service Agreement and ATM Service Agreement.

**WHEREFORE**, Travelers Casualty and Surety Company of America, prays that after due proceedings, the Court enter judgment in its favor and against Garda CL Southeast, Inc., awarding Travelers Casualty and Surety Company of America the sum of $170,000, plus interest from the date of judicial demand until paid, reasonable attorney's fees for the prosecution of this claim, all costs of the proceedings, and for all other general and equitable relief to which Travelers may be entitled.

Respectfully submitted,

KREBS | FARLEY, P.L.L.C.

*/s/ Richard E. Baudoin*

MATT J. FARLEY (La. Bar No. 5447)
RICHARD E. BAUDOIN (La. Bar No.31032)
400 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3570
Facsimile: (504) 299-3582
Email: mfarley@kfplaw.com
rbaudoin@kfplaw.com

**ATTORNEYS FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**